UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RACHEL DELAUNE                                                               CIVIL ACTION

VERSUS                                                                              NO: 23-6179

ALLSTATE INDEMNITY COMPANY                             SECTION: "A" (5)

**ORDER AND REASONS**

Before the Court is Allstate Indemnity Company's ("Allstate") **Motion for Summary Judgment (Rec. Doc. 20)**.[1] Plaintiff Rachel Delaune opposes the motion. For the reasons stated below, the motion is granted.

**I. Background**

This is a first-party-insurance dispute concerning damage inflicted by Hurricane Ida to real property located in Lafourche Parish, Louisiana.[2] According to Plaintiff, the storm generated widespread power outages across the parish, which resulted in a power surge that caused electrical damage to her home.[3] Her property was insured by Allstate under a policy that she alleges covered perils such as a hurricane.[4] At the heart of the lawsuit is her allegation that Allstate failed to provide coverage under the policy.[5] Accordingly, her petition asserts a cause of action for breach of contract and seeks bad faith penalties pursuant to Louisiana Revised Statutes 22:1892 and 22:1973.

---

[1] The motion, noticed for submission on July 9, 2025, is before the Court on the briefs and without oral argument.

[2] Rec. Doc. 1-2, ¶ 1.

[3] Rec. Doc. 1-2, ¶ 7, 38.

[4] Rec. Doc. 1-2, ¶ 6.

[5] Rec. Doc. 1-2, ¶ 10.

Plaintiff filed her lawsuit in state court in August 2023 and it was removed to this Court several months later.[6] In 2024, Allstate filed its first motion for summary judgment, which was dismissed without prejudice after Plaintiff asserted that additional discovery was necessary and Allstate did not object.[7] Despite this, the only discovery that has occurred since the dismissal is Plaintiff's deposition.[8]

Contrary to Plaintiff's claim that her policy covered perils such as a hurricane, Allstate contends in the present motion that the policy "unambiguously *excludes* coverage for the property wind loss of dwelling structure, other structures, and contents the plaintiff is claiming."[9] Accordingly, it argues that there is no genuine issue of material fact because there is no coverage for the property loss Plaintiff has allegedly incurred.[10] In opposition, Plaintiff argues that summary judgment is improper for two reasons: first, the cause of the damage is a genuine issue of material fact; and second, it is unclear on the face of the policy whether electrical damage from a power surge caused by a hurricane is excluded under the "Windstorm or Hail Exclusion."[11]

## II.   Relevant Law

### A.   Rule 56 Standard

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A fact is material if the governing substantive law identifies it as having the potential to affect the outcome of the suit.

---

[6] *See* Rec. Doc. 1.
[7] *See* Rec. Doc. 17.
[8] Rec. Doc. 20-1, at 1.
[9] Rec. Doc. 20-1, at 5 (emphasis added).
[10] Rec. Doc. 20-1, at 4.
[11] Rec. Doc. 22, at 3.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue as to a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see also Bazan ex rel. Bazan v. Hidalgo Cnty.*, 246 F.3d 481, 489 (5th Cir. 2001) ("An issue is 'genuine' if it is real and substantial, as opposed to merely formal, pretended, or a sham."). To demonstrate a genuine issue as to the material facts, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmoving party must show that the evidence is sufficient to support the resolution of the material factual issues in its favor. *Anderson*, 477 U.S. at 249 (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968)).

When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000). All reasonable inferences are drawn in favor of the nonmoving party. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

B.  **Interpretation of Insurance Contracts**

Under Louisiana law,[12] the interpretation of an insurance policy ordinarily involves a legal question that can be properly resolved by a motion for summary judgment. *Robinson v. Heard*,

---

[12] Louisiana law governs the present issue. *See Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). When examining matters of state law, this Court will employ the principles of interpretation used by the state's highest court. *Am. Int'l Specialty Lines Ins. Co. v. Rentech Steel LLC*, 620 F.3d 558, 564 (5th Cir. 2010). The Court remains mindful of Louisiana's distinction between primary and secondary sources of law; accordingly, it begins its analyses with reliance on the Louisiana Constitution and statutes before looking to "jurisprudence, doctrine, conventional usages, and equity, [which] may guide the court in reaching a decision in the absence of legislation and custom." *Shaw Constructors v. ICF Kaiser Eng'rs, Inc.*, 395 F.3d 533, 547 (5th Cir. 2004) (quoting La.Civ.Code art. 1 rev. cmt. b). If an "Erie guess" is necessary on an issue of Louisiana law, the Court will decide the issue the way that it believes the Supreme Court of Louisiana would decide it. *Id.* (citation omitted). This Court is not strictly bound by the decisions of the state

3

2001-1697 (La. 2/26/02), 809 So.2d 943, 945. In *Louisiana Insurance Guaranty Association v. Interstate Fire & Casualty Co.*, the Louisiana Supreme Court outlined the law governing interpretation of insurance contracts as follows:

> An insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Civil Code. The judicial responsibility in interpreting insurance contracts is to determine the parties' common intent.
>
> The parties' intent as reflected by the words in the policy determine[s] the extent of coverage. Such intent is to be determined in accordance with the general, ordinary, plain and popular meaning of the words used in the policy, unless the words have acquired a technical meaning.
>
> An insurance policy should not be interpreted in an unreasonable or a strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion. Absent a conflict with statutory provisions or public policy, insurers, like other individuals, are entitled to limit their liability and to impose and to enforce reasonable conditions upon the policy obligations they contractually assume.
>
> Ambiguity in an insurance policy must be resolved by construing the policy as a whole; one policy provision is not to be construed separately at the expense of disregarding other policy provisions.
> If after applying the other general rules of construction an ambiguity remains, the ambiguous contractual provision is to be construed against the drafter, or, as originating in the insurance context, in favor of the insured. This rule of strict construction requires that ambiguous policy provisions be construed against the insurer who issued the policy and in favor of coverage to the insured. Under this rule, "[e]quivocal provisions seeking to narrow the insurer's obligation are strictly construed against the insurer, since these are prepared by the insurer and the insured had no voice in the preparation." LSA–C.C. Art. 2056 codifies this rule of strict construction, providing that "[i]n case of doubt that cannot be otherwise resolved, a provision in a contract must be interpreted against the party who furnished its text. A contract executed in a standard form of one party must be interpreted, in case of doubt, in favor of the other party."

---

intermediate courts and will disregard them if the Court is "convinced that the Louisiana Supreme Court would decide otherwise." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 206 (5th Cir. 2007).

> Yet, if the policy wording at issue is clear and unambiguously expresses the parties' intent, the insurance contract must be enforced as written. When the language of an insurance policy is clear, courts lack the authority to change or alter its terms under the guise of interpretation. The determination of whether a contract is clear or ambiguous is a question of law.

*La. Ins. Guar. Ass'n v. Interstate Fire & Casualty Co.*, 630 So.2d 759, 763–64 (La. 1994) (citations and footnotes omitted).

**III.   Discussion**

Two issues are before the Court: first, whether the cause of the damage to Plaintiff's property presents a genuine issue of material fact; and second, whether damage inflicted by a power surge during Hurricane Ida is excluded from coverage pursuant to the insurance policy's "Windstorm or Hail Exclusion" ("the Exclusion"). Because it is dispositive, the Court begins and ends its analysis with the second issue.

As a threshold matter, Plaintiff erroneously contends that the second issue is one of material fact.[13] As previously explained, "[t]he determination of whether a contract is clear or ambiguous is a question of law." *La. Ins. Guar. Ass'n*, 630 So.2d at 764. Accordingly, the Court construes the policy using the general rules of interpretation of contracts set forth in the Civil Code while remaining mindful that its judicial responsibility in interpreting policy is to determine the parties' common intent. *Id.* at 763 (citing La.Civ.Code art. 2045).

The Exclusion provides as follows:

> For a reduction in premium:
>
> We do not cover any loss to any property covered by this policy caused by or consisting of Windstorm or Hail. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.

---

[13] *See* Rec. Doc. 22, at 3 ("Whether Electrical Damage Caused by a Power Surge During a Windstorm Falls Within the 'Windstorm [or] Hail Exclusion' Is a Genuine Issue of Material Fact").

> We do cover sudden and accidental direct physical loss caused by fire or explosion resulting from Windstorm or Hail.
>
> All other policy conditions and provision apply.

(Rec. Doc. 20-4, at ECF p. 11).

In opposition to Allstate's motion, Plaintiff principally argues that the policy language "caused by or consisting of Windstorm or Hail" is ambiguous and, because the policy is otherwise silent as to the scope of the "causal chain," the alleged ambiguity should be interpreted against Allstate.[14] In reply, Allstate (i) contends that Plaintiff's argument fails to consider the full text of the Exclusion, which includes that the "loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss," and (ii) notes that "it's the plaintiff's own contention that the windstorm (Ida) caused the power surge or lightning strike which caused the damage to plaintiff's property."[15]

The Court finds that the Exclusion is unambiguous for at least three reasons. **First**, despite Plaintiff's perceived contention to the contrary, the fact that a term used in the Exclusion is not defined in the policy itself does not alone make it ambiguous, *Am Deposit Ins. Co. v. Myles*, 2000-2457 (La. 4/25/01), 783 So.2d 1282, 1287 (citing La.Civ.Code art. 2047); instead, the Code instructs that "[t]he words . . . must be given their generally prevailing meaning." La.Civ.Code art. 2047. The Merriam-Webster Dictionary[16] defines the noun "cause" as: "a reason for an action or condition," and/or "something that brings about an effect or a result"; and the verb "cause" as: "to serve as a cause or occasion of."[17]

---

[14] Rec. Doc. 22, at 4 (citing La.Civ.Code art. 2056).

[15] Rec. Doc. 23, at 2.

[16] *See In re Katrina Canal Beaches Lit.*, 495 F.3d 191, 210 (5th Cir. 2007) ("Dictionaries, treatises, and jurisprudence are helpful resources in ascertaining a term's generally prevailing meaning.") (citing *Gregor v. Argenot Great Cent. Ins. Co.*, 2002-1138 (La. 5/20/03), 851 So.2d 959, 964).

[17] *Cause*, MERRIAM-WEBSTER, https://www.merriam-webster.com/dictionary/cause (last visited July 20, 2025).

Thus, under the generally prevailing meaning of "caused by," the Exclusion applies when a windstorm or hail "serve[s]" as either (i) "a reason for an action or condition" that creates the loss, or (ii) "something that brings about" the loss. And this comports with Plaintiff's own account of the events as articulated in her response in opposition to Allstate's motion:

> [Plaintiff] is clear about what she means: Hurricane Ida caused, either through direct lightning strike or through other destruction of local power infrastructure, a power surge which destroyed her electronic appliances.

(Rec. Doc. 22, at 5).

**Second**, applying the Exclusion as written does not lead to an absurd result in the context of the facts of this case because it aligns with the allegations in Plaintiff's petition,[18] her deposition testimony,[19] and statements in her opposition.[20] *See In re Katrina Canal Breaches Lit.*, 495 F.3d at 210 ("When the words of a policy provision are clear and unambiguous in the context of the facts of the case and do not lead to an absurd result, [courts must] apply the provision as written without any further interpretation.").

And **third**, when each provision in the Exclusion is interpreted in light of the others, it is clear that the "causal chain" in this case is unambiguously encompassed by the policy's text. La.Civ.Code art. 2050. This is evidenced by the facts that (i) the sentence following the challenged provision states, "Such loss is excluded *regardless of any other cause or event contributing concurrently or in any sequence to the loss*";[21] and (ii) in accordance with the prevailing meaning of the term "caused by," discussed *supra*, Plaintiff expressly concedes that Hurricane Ida served

---

[18] *See* Rec. Doc. 1-2, ¶ 7.

[19] *See, e.g.*, Rec. Doc. 20-3, Delaune Dep., 13:8–12, 55:8–16, 57:15–19, 59:24–60:16.

[20] Rec. Doc. 22, at 5.

[21] Rec. Doc. 20-4, at ECF p. 11 (emphasis added).

as a reason for the power surge that caused Plaintiff's loss. As such, her attempt to manufacture ambiguity by delineating between potential sub-causes of the power surge as a result of the storm (*i.e.*, a lightning strike, the destruction of local power infrastructure, or both) is unpersuasive.[22]

Accordingly;

**IT IS ORDERED** that Defendant Allstate's **Motion for Summary Judgment (Rec. Doc. 20)** is **GRANTED,** and Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

July 22, 2025

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[22] Rec. Doc. 22, at 5.